### ROBERT BOSCH LLC, Plaintiff–Appellant,

v.

### PYLON MANUFACTURING CORP., Defendant–Cross Appellant.

Nos. 2011–1363, 2011–1364.

United States Court of Appeals, Federal Circuit.

Oct. 24, 2011.

Mark A. Hannemann, Kenyon & Kenyon, LLP, New York, NY, for Plaintiff–Appellant.

James A. Gale, Feldman Gale, P.A., Miami, FL, for Defendant–Cross Appellant.

Before PROST, Circuit Judge.

### ON MOTION

### ORDER

Robert Bosch LLC moves for reconsideration of this court's denial of Bosch's

---

3. To the extent Ms. Echevarria–North contends that the "numerous inquiries" about her 1999 letter constitute an informal claim, that is a factual determination beyond our jurisdiction. *See Moody v. Principi,* 360 F.3d 1306, 1310 (Fed.Cir.2004). In addition, we note that none of these inquiries appears in the record before this court.

motion to dismiss the appeals. Pylon Manufacturing Corp. opposes. Bosch replies.

On August 1, 2011, 426 Fed.Appx. 912, this court denied Bosch's motion to dismiss the appeals for lack of jurisdiction. That order explained that this court has jurisdiction under 28 U.S.C. § 1292(c)(2) when the underlying case is final except for an accounting.

Bosch's motion urges the court to draw a distinction between an "accounting" under 28 U.S.C. § 1292(c)(2) and a "jury trial ... on the issues of damages and willfulness." Such a distinction, however, is inconsistent with this court's precedent. Section 1292(c)(2) does not divest the district court of jurisdiction to proceed with a damages trial. As this court has stated, the purpose of § 1292(c)(2) "allowing interlocutory appeals in patent cases was to *permit* a stay of a damages trial." *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir. 1988). In fact, "this court has repeatedly denied, in unpublished opinions, motions to stay damages trials during appeals in patent cases." *Id.*

Accordingly,

IT IS ORDERED THAT:

The motion for reconsideration is denied.